UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MANUEL A. FALLAS          :
                          :
       v.                 :     C.A. No. 10-356ML
                          :
PORTOLA TECH INTERNATIONAL :

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On August 25, 2010, Plaintiff Manuel Fallas filed a pro se Complaint against Portola Tech International ("PTI"). (Document No. 1). In his Civil Cover Sheet, Plaintiff described the action as "Discrimination (work)." (Document No. 1-3 at p. 2). Plaintiff filed an Amended Complaint against PTI on September 13, 2010. (Document No. 4). Plaintiff's initial and Amended Complaints were accompanied by Applications to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00 civil case filing fee. (Document Nos. 2 and 5). After reviewing Plaintiff's Applications to Proceed IFP, this Court concludes that he is unable to pay fees and costs in this matter and thus, his Applications to Proceed IFP (Document Nos. 2 and 5) are GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaints be DISMISSED WITHOUT PREJUDICE because they are "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that Plaintiff's Complaints be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaints, they presently fail to state any viable legal claims.

In his original Complaint, Plaintiff expressed dissatisfaction with how his administrative discrimination charge was investigated by the Rhode Island Commission for Human Rights ("RICHR"). (Document No. 1). Although not written as clearly as his original Complaint, Plaintiff's Amended Complaint appears to make a similar claim. (Document No. 4). Also, attached to the Amended Complaint, Plaintiff provides a copy of a Motion for Reconsideration filed by his attorney in the administrative discrimination case before the RICHR. (Document No. 4). The Motion is captioned in the case, <u>Manuel Fallas v. Portola Tech International, et al.</u>, RICHR No. 09 EPD 003-06/08; EEOC No. 16J-2008-00314, and seeks to reconsider a March 30, 2010 finding of no probable cause of discrimination. <u>Id.</u> It is dated June 14, 2010. <u>Id.</u> Plaintiff does not indicate whether or not the RICHR has ruled on the Motion.

Although it appears that Plaintiff has pursued an administrative discrimination charge against PTI before the RICHR and EEOC, his Complaints against PTI filed in this case do not contain any discrimination allegations against PTI. Rather, his allegations are made against the RICHR and how they handled his case but PTI, and not the RICHR, is named as the only Defendant.

Plaintiff's Complaints simply do not expressly state any claims against PTI – the only named Defendant. Because Plaintiff may have obtained the "right to sue" PTI by exhausting his administrative remedies, I am recommending that Plaintiff's Complaints against PTI be dismissed <u>without</u> prejudice so as not to preclude any such future filings against PTI; however, this is not meant to endorse the legal sufficiency of any such future filings.

Finally, to the extent Plaintiff is asking this Court to review the RICHR's no probable cause determination, such a determination is not reviewable in federal court. See <u>Astoria Federal Savings and Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991) (federal courts are not bound by the findings of

administrative agencies who investigate discrimination complaints). As noted above, Plaintiff has apparently asked the RICHR to reconsider that determination and may presently have, or in the future obtain, the "right to sue" PTI for discrimination in state or federal court. However, his Complaints in this case are focused on the RICHR process and do not expressly state any discrimination claims against PTI.

**Conclusion**

Having reviewed the Complaints and relevant case law, this Court recommends, for the reasons discussed above, that Plaintiff's Complaints against Defendant PTI be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2010